the latter's compensation is expressly made dependent upon the actual consummation of a trade, the fulfillment of the condition is a prerequisite to his right to recover compensation.

2. ABSTRACTS OF TITLE, § 3*—*when abstract insufficient without certificate from abstract company.* Where under a contract for the exchange of land one of the vendors was to furnish a "proper" abstract within a certain time, and the abstract furnished was rejected because showing title in a person other than the vendor, and on being returned contained an inserted page showing a conveyance by the record owner to a person bearing a name similar to vendor's, there being no certificate from the abstract company furnishing the abstract showing by whom such page had been inserted, such an abstract is not a "proper" abstract within the contract.

---

## The People of the State of Illinois, Defendant in Error, v. John Schleig, Plaintiff in Error.

### Gen. No. 19,184.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed March 26, 1914.

### Statement of the Case.

Bastardy proceeding by the People of the State of Illinois against John Schleig on complaint of Helen Kleich under section 1 of the "Act concerning Bastardy", J. & A. ¶ 703, and section 50a of the Municipal Court Act, J. & A. ¶ 3364. Defendant pleaded not guilty and waived a trial by jury. The court found the defendant to be the father of the child and entered judgment on the finding adjudging that defendant pay to the clerk of the court for the support, maintenance and education of the child the sum of five hundred and fifty dollars, to be paid in certain instalments. To reverse the judgment, defendant prosecutes a writ of error.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

Defendant urges as ground for reversal: (1) The seal of the Municipal Court is not attached to the jurat signed by the clerk of said court accompanying the complaint; and (2) the complaint does not bear the indorsement of a judge of said court to the effect that he examined the complaint and was satisfied that it should be filed, as provided by section 27 of the Municipal Court Act, J. & A. ¶ 3339.

GEORGE REMUS, for plaintiff in error.

MACLAY HOYNE, for defendant in error; EDWARD E. WILSON, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. BASTARDS, § 14*—*necessity of seal of Municipal Court to jurat of the complaint.* The fact that the seal of the Municipal Court is not attached to the jurat signed by the clerk of said court accompanying a complaint in a bastardy proceeding does not make the complaint defective.

2. BASTARDS, § 14*—*when complaint sufficient without indorsement of judge.* A complaint filed in the Municipal Court in a bastardy proceeding need not bear the indorsement of the judge of said court that he had examined the complaint and was satisfied that the warrant should issue, where it appears from an order of court entered of record on the day the complaint was presented that the presiding judge examined the complaint and also examined the relatrix under oath and was satisfied that there was probable cause for filing the complaint, and an objection for want of such indorsement cannot be first urged on review.

3. BASTARDS, § 60*—*when formal defects in complaint cannot be urged on review.* Mere formal defects in a complaint cannot be taken advantage of for the first time in the Appellate Court.

4. NOTARIES, § 12*—*when seal unnecessary.* In this State the jurat of a notary public to affidavits made before him in the county of his residence need not be authenticated by his notarial seal.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.